**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LANAY JOHNS**<br>On behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>**GRACE MANAGEMENT SERVICES, INC.**<br>c/o Nicole Sprenger<br>3905 Oberlin Ave.<br>Lorain, OH 44053<br><br>and<br><br>**MICHAEL SPRENGER**<br>33844 Lake Road<br>Avon Lake, OH 44012<br><br>and<br><br>**NICOLE SPRENGER**<br>10916 Smith Road<br>Litchfield, OH 44253<br><br>and<br><br>**KENNETH MALANOWSKI**<br>14319 Garfield Road<br>Wakeman, OH 44889<br><br>and<br><br>**SHANNON KUHN**<br>500 Community Dr.<br>Avon Lake, OH 44012<br><br>and<br><br>**EMILY FOX**<br>500 Community Dr.<br>Avon Lake, OH 44012 | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT UNDER SOUTH CAROLINA LAW WITH JURY DEMAND** |

and )

**BRANDON MALANOWSKI** )
7045 Oak Tree Dr., S )
Lorain, OH 44053 )

Defendants. )

Plaintiff Lanay Johns, through counsel, for her Class Action Complaint against Defendants Grace Management Services, Inc., Michael Sprenger, Nicole Sprenger, Kenneth Malanowski, Shannon Kuhn, Emily Fox, and Brandon Malanowski (together "Defendants"), states and alleges as follows:

## INTRODUCTION

1. This case challenges Defendants' timekeeping and pay practices by which they willfully violated their employees' rights under the South Carolina's Payment of Wages Act ("SCPWA").

2. Plaintiff brings this case as a class action pursuant to FED. R. CIV. P. 23 on behalf of herself and other members of a class of persons, defined herein (the "Class Members"), who assert factually-related claims under the SCPWA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because Plaintiff was, at all times relevant, a resident of South Carolina, and all Defendants reside in Ohio.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in this district and division, and all Defendants have conducted continuous business within the territorial jurisdiction of this Court.

## PARTIES

5. At all times relevant, Plaintiff Lanay Johns was a citizen of the United States. She was a South Carolina resident when employed by Defendants and is now a Georgia resident.

6. From April 2023 through June 2024, Plaintiff was an employee of all Defendants, working at Defendants' skilled nursing, long-term care, and respite care facility known as Sprenger Port Royal located in Port Royal, South Carolina.

7. Defendant Grace Management Services, Inc. is an Ohio limited liability company that is headquartered in Lorain County, Ohio that promulgates the employment policies and procedures that govern the practices at issue at a chain of nursing homes in Ohio, South Carolina, and formerly Indiana. That chain of facilities is hereinafter referred to as "Sprenger Facilities."

8. Grace Management Services, Inc. serves as the W-2 employer of all non-exempt employees of Sprenger Facilities.

9. At all times relevant until January 2025, Defendant Nicole Sprenger was CEO of Grace Management Services, Inc., Defendant Michael Sprenger was COO of Grace Management Services, Inc., and Defendant Kenneth Malanowski was CFO of Grace Management Services, Inc.

10. Since January 2025, and through the present, Defendant Shannon Kuhn has been CEO of Grace Management Services, Inc., Defendant Emily Fox has been COO of Grace Management Services, Inc., and Defendant Brandon Malanowski has been CFO of Grace Management Services, Inc.

11. Hence, Michael Sprenger, Nicole Sprenger, Kenneth Malanowski, Shannon Kuhn, Emily Fox, and Brandon Malanowski have all served as officers of Grace Management Services, Inc. within the three-year limitations period applicable to Plaintiff's SCPWA claim.

12. Moreover, as shown below, Defendants have all knowingly permitted Grace Management Services, Inc. to violate the SCPWA.

13. All Defendants were "employers" of Plaintiff and the Class Members under the SCPWA because that statute defines employer as "every person, firm, partnership, association, corporation, receiver, or other officer of a court of this State, the State or any political subdivision thereof, and any agent or officer of the above classes employing any person in this State."

## FACTUAL ALLEGATIONS

### Defendants' Failure to Pay Required Overtime Compensation

14. The Fair Labor Standards Act and South Carolina law require employers to pay non-exempt employees overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.

15. Plaintiff and all Class Members were all non-exempt from overtime pay.

16. Plaintiff and all Class Members frequently worked more forty hours per week, entitling them to overtime compensation under the FLSA and South Carolina law.

17. Employers in South Carolina must include all remuneration for employment paid to, or on behalf of, the employee in calculating an employee's "regular rate of pay," unless the remuneration is expressly excludable under Section 7(e) of the FLSA, 29 U.S.C. § 207(e).

18. Defendants regularly and systematically failed to include all forms of compensation in calculating the regular rate of pay and overtime premium calculations for Plaintiff and all Class Members.

19. Specifically, the Plaintiff and all Class Members routinely received various types of non-discretionary bonuses for their work.

20. Those types of bonuses included, but were not limited to:

(a) Bonuses for picking up certain extra shifts; and

(b) Bonuses for starting and continuing employment with Defendants.

21. All of the types of compensation listed in Paragraph 20 must be included in calculating an employee's "regular rate of pay."

22. Defendants engaged in a pattern, practice, and policy of violating the SWCPA with respect to Plaintiff and the Class Members by uniformly failing to include the non-discretionary bonuses listed in Paragraph 20 in calculating Plaintiff's regular rate of pay.

23. Defendants induced Plaintiff and the Class Members to join them and work extra shifts by offering the non-discretionary bonuses listed in Paragraph 20.

24. Defendants knowingly committed the violations at issue.

25. For instance, Grace Management Services, Inc.'s general counsel admitted at deposition that the company has always known that it was required to include non-discretionary bonuses in employees' regular rate calculation.

26. Yet, Defendants have never taken any affirmative steps to ensure that employees' regular rate calculation is properly performed.

27. In fact, Grace Management Services, Inc. was sued under the FLSA for this exact pay practice on June 20, 2024 in *Garcia v. Bluesky Healthcare, Inc., et al.*, N.D. Ohio Case No. 1:23-cv-01617.

28. Discovery in the *Garcia* case has categorically confirmed that Defendants have no lawful basis for the pay practice at issue here.

29. Discovery in the *Garcia* case has further confirmed that the individual Defendant-officers of Grace Management Services, Inc. were personally involved in establishing that

company's timekeeping, compensation, and payroll systems resulting in the illegal pay practice at issue.

30. Yet, even in the face of the filing of the *Garcia* lawsuit and concomitant discovery, Defendants have done nothing to rectify their illegal pay practices even in the past 18 months.

**CLASS ACTION ALLEGATIONS**

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Plaintiff brings this case on behalf of herself and other members of a proposed class, defined as:

> All employees who worked at a Sprenger Facility in the three years preceding the filing of this action through the present and earned non-discretionary bonuses in the same workweek that they worked more than 40 hours.

33. The class are both so numerous that joinder of all Class Members is impracticable. Plaintiff avers, upon information and belief, that the class totals more than 500 employees of Defendants. The number of Class Members as well as their identities are ascertainable from records Defendants have maintained, and was required to maintain, pursuant to the FLSA and South Carolina law.

34. Questions of law or fact common to the Class Members predominate, including but not limited to:

a) Whether Defendants paid Plaintiff and other Class Members the correct, legally mandated rate for overtime hours.

b) Whether Defendants knew or should have known how to calculate the correct, legally mandated rate for overtime hours.

c) Whether the individual Defendants knowingly failed to pay Plaintiff and other Class Members the correct, legally mandated rate for overtime hours.

35. Plaintiff's claims are typical of the claims of other Class Members. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class Members.

36. Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Class Members in this case.

37. The questions of law or fact that are common to the Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, including those questions listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to FED. R. CIV. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(Violation of the SCPWA)**

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Under the SCPWA, all employers must pay all wages due at the time and place of payment set forth in a writing created at the time of hiring.

41. As stated above, Defendants failed to pay Plaintiff and all Class Members overtime wages due under the SCPWA in violation of Sections 41-10-30 and 41-10-40 of that statute.

42. Under Section 41-10-80, an "employer who violates the provisions of Section 41-10-40 must be assessed a civil penalty of not more than one hundred dollars for each violation," and "the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Certify this case as a class action pursuant to FED. R. CIV. P. 23 on behalf of Plaintiff and other Class Members;

B. Award compensatory damages to Plaintiff and the Class Members in the amount of three times their unpaid wages;

C. Award Plaintiff and the Class Members a civil penalty of not more than one hundred dollars per violation of the SCPWA; and

D. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter

Scott D. Perlmuter (0082856)
4106 Bridge Avenue
Cleveland, OH 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)